**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN BROCKMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 26-cv-5750 |
| | ) | |
| PETER MARZANO, in his individual and | ) | |
| official capacities as Village Trustee, | ) | |
| Village of Westchester, Illinois; | ) | |
| VICTORIA VANN, in her individual and | ) | |
| official capacities as Village Trustee, | ) | |
| Village of Westchester, Illinois; | ) | |
| GIA MARIE BENLINE, in her individual | ) | |
| and official capacities as Village Trustee, | ) | |
| Village of Westchester, Illinois; and | ) | |
| VILLAGE OF WESTCHESTER, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant, the Village of Westchester (the "*Village*"), Peter Marzano in his individual and

official capacity as Village Trustee, Victoria Vann in her individual and official capacity as Village

Trustee, and Gia Marie Benline in her individual and official capacity as Village Trustee (the

"*Individual Defendants*") (collectively, the "*Westchester Defendants*"), by and through their

counsel, Thomas J. Condon Jr. and Matthew W. Moustis, of the law firm of Montana & Welch,

LLC, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's

First Amended Complaint. In support of this motion, the Westchester Defendants state the

following:

**INTRODUCTION**

Plaintiff's, an employee of the Village, First Amended Complaint asserts three counts:

1

Count I - First Amendment retaliation under 42 U.S.C. § 1983, against the Individual Defendants, Count II- Monell liability under 42 U.S.C. § 1983, against the Village, and Count III - retaliation under the Illinois Whistleblower Act, 740 ILCS 174, against the Westchester Defendants. All claims should be dismissed pursuant to Rule 12(b)(6).

Plaintiff's First Amendment retaliation claims in Count I fails as the Individual Defendants were not acting under color of state law at the time of the alleged conduct and therefore cannot be liable under § 1983. It also fails because Plaintiff does not plausibly allege that the Individual Defendants engaged in conduct sufficiently adverse to plaintiff's First Amendment rights. Plaintiff's Monell claim in Count II fails as he has not alleged any violation of the Constitution, nor has he alleged any facts showing that the alleged misconduct was attributable to a policy or practice of the Village. Count III fails as to the Individual Defendants because they are not "employers" within the meaning of the Illinois Whistleblower Act. Furthermore, Count III fails as to the Village because the alleged employment action was not causally connected to Plaintiff's protected whistleblower activity.

## FACTUAL ALLEGATIONS[1]

Plaintiff is employed as a senior technology officer for the village and reports to the Deputy Chief of Police and functions as the sole staff member of the Village's information technology department. (Doc. 9 ¶ 4). Peter Marzano, Victoria Vann, and Gia Marie Benline are Village Trustees (*Id.* ¶¶ 5-7) On February 16, 2026, Plaintiff authored and published a social media post titled "The Hardest Part of Local Government Nobody Talks About" on multiple regional Facebook pages. (*Id.* ¶ 9). The post addressed the relationship between elected officials and professional staff, the difference between legitimate oversight and micromanagement, and the

---

[1] For purposes of this motion Plaintiff's allegations must be taken as true.

harm caused to public service when those lines are crossed. (*Id)*

After the post, Village Trustee Peter Marzano emailed the Village Manager demanding that Plaintiff be dismissed. (*Id.* ¶¶ 5, 10). Village Trustee Victoria Vann sent an email to the Village Manager raising concerns regarding Plaintiff's Post. (*Id.* ¶¶ 6, 11). Village legal counsel confirmed to Plaintiff and the board of trustees that his post constituted protected First Amendment speech. (Id. ¶12) Trustee Vann requested that the Village administration identify policies governing employee conduct and social media commentary. (*Id.* ¶ 14) .

On March 18, 2026, Trustee Marzano sent an email to the Village Manager complaining about Plaintiff's job performance. (*Id*. ¶15) The village manager investigated the complaint and took no action against Plaintiff (*Id)* On April 3, 2026, Trustee Marzano sent an additional email to the village manager threatening further FOIA action and questioning Plaintiff's employment status. (*Id.* ¶ 17) Trustee Marzano used his *personal* Gmail account, pmarz33@gmail.com, on multiple occasions before April 17, 2026, to conduct official Village business directly referencing Plaintiff's employment, including filing three *personal* FOIA requests from that same account on April 17, 2026. (*Id*. ¶ 16) (emphasis added). Trustee Vann sent a formal email to Village outside legal counsel and the village president, with the full Board of Trustees copied, formally initiating a performance review process for the village manager. (*Id*. ¶ 19)

On April 29, 2026, Plaintiff filed a formal whistleblower complaint with the village manager pursuant to the Illinois Whistleblower Act, 740 ILCS 174, documenting the pattern of retaliation described herein. (Id. ¶ 20). On May 6, 2026, Trustee Vann sent an official complaint to the village manager about a social media post Plaintiff made during his lunch break at a medical appointment in observance of Mental Health Awareness Month. (*Id.* ¶ 22)

On May 7, 2026, Trustee Benline sent an official email to the village manager requesting a copy of Plaintiff's employment agreement and contract. Village Manager Krumstok provided the employment offer letter on May 11, 2026. On May 12, 2026, Trustee Benline replied in the same email thread asking what the Huntress Labs cybersecurity subscription bill was for. That same evening at the Village Board meeting, Trustee Benline made an official motion, seconded by Trustee Marzano, to remove the Huntress Labs subscription from the record of bills and redirect it to a Request for Proposals process. The motion passed. (*Id.* ¶ 23)

On May 13, 2026, Plaintiff's direct supervisor rejected Plaintiff's accumulated compensatory time requests for hours worked during a callout on May 9, 2026. When asked about the rejection, Plaintiff's supervisor stated that, due to Trustee Marzano's complaints targeting him and other supervisors regarding compensatory time usage, he did not feel comfortable approving Plaintiff's compensatory time, and that the approval process remained unclear as a result of the ongoing investigation initiated by Trustee Marzano's complaints. (*Id.* ¶ 26)

## **LEGAL STANDARD**

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts accept as true the well-pled facts of a complaint and draw all reasonable inferences in favor of the plaintiff. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). A court is not required, however, to accept as true a legal conclusion couched as a factual allegation or unsupported conclusions of fact. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, and not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to withstand a motion to dismiss, the plaintiff's complaint must describe the claim in sufficient detail to give the defendants fair notice of the claim and the grounds upon which the

4

claim is based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it fails to satisfy the pleading requirements, and dismissal is appropriate. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (*quoting Twombly*, 550 U.S. at 555). Additionally, the complaint must plausibly suggest the plaintiff's right to relief beyond a speculative level. *See Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 555).

## ARGUMENT

### I.  Count I Fails to Plausibly Allege That the Individual Defendants Were Acting Under Color of State Law at The Time of the Alleged Conduct.

To properly state a claim for relief under Section 1983, "a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "Not every action by a state official or employee is to be deemed as occurring under color of state law." *Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotations omitted). The state action must be related to the performance of the duties of the state office to constitute acting under color of state law. *Id.* "[A]ction is taken under color of state law when it involves a misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (internal quotations omitted).

When a plaintiff does not allege that a public official's actions involved an inappropriate exercise of state authority, there is no Section 1983 claim for which relief can be sought. *DiDonato v. Panatera*, 24 F.4th 1156, 1160 (7th Cir. 2022). "Section 1983 does not cover disputes between private citizens, even if one happens to be an officer." *Plaats v. Barthelemy*, 641 Fed. App'x 624, 627 (7th Cir. 2016). "To plead that a defendant acted under color of state law, a § 1983

5

plaintiff must allege that a defendant's invocation of state authority in one way or another facilitated or enabled the alleged misconduct." *DiDonato*, 24 F.4th at 1161 (emphasis added).

Here, Plaintiff alleges that the Individual Defendants are trustees of the Village of Westchester. (Doc. 9 ¶¶ 5-7) The Village of Westchester has adopted the managerial form of government as provided in Article 5 of the Illinois Municipal Code. *See* 65 ILCS 5/5-1-1; Village of Westchester Code of Ordinances § 2.16.005 *et seq*. Under the managerial form of government, "[t]he powers of the council or board shall be purely legislative" unless a separate statute says otherwise. 65 ILCS 5/6-3-6. The village manager, by contrast, is the "administrative head of the municipal government," 65 ILCS 5/5-3-7, and, as such, has the authority over the employment of village staff. Village of Westchester Code of Ordinances, § 2.16.020; 65 ILCS 5/5-3-7.

Here, Plaintiff has not alleged any facts showing that the individual trustees were acting under the color of law because the alleged conduct does not fall within the statutory duties of an elected trustee. The conduct Plaintiff complains of consists of email communications from the trustees to the village manager concerning Plaintiff, and one trustee's freedom of information act requests for records relating to Plaintiff. Such conduct is not legislative in nature and does not fall within the statutory duties of an elected trustee. As a result, Plaintiff has failed to plausibly allege that the individual defendants were acting under color of state law.

To the extent Plaintiff alleges that a vote was taken to remove a subscription from the record of bills and redirect it to an RFP process, such conduct (i) did not result in a deprivation to Plaintiff, (ii) is not likely to deter speech, and (iii) constitutes a legislative act for which the individual trustees have legislative immunity. *See McCann v. Brady*, 909 F.3d 193 (7th Cir. 2018).

II.     **Count I Fails to Plausibly Allege that the Individual Defendants Engaged in Conduct Sufficiently Adverse to Plaintiff's First Amendment Rights.**

To state a first amendment retaliation claim, Plaintiff must plausibly allege that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was a "at least a motivating factor" in the decision to take retaliatory action. *Kelly v. City of Chicago*, No. 22-cv-4535, 2023 WL 12219732, at *3 (N.D. Ill. 2023) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008)). The action for which Plaintiff complains must be sufficiently adverse to deter the exercise of First Amendment rights. *Power v. Summers*, 226 F.3d 815, 820-21 (7th Cir. 2000). As discussed below, the conduct of the Individual Defendants was not sufficiently adverse to Plaintiff's First Amendment rights to support a § 1983 retaliation claim.

### A. Trustee Benline

Plaintiff alleges that Trustee Benline (i) sent an email to the village manager requesting a copy of Plaintiff's employment agreement and contract; (ii) asked the village manager about a cybersecurity subscription bill; (iii) and made a motion to remove the same from the record of bills and redirect it to a Request for Proposals (RFP) process. (Doc. 9 ¶ 23).

These allegations fail to plausibly allege conduct that was sufficiently adverse to chill protected speech. Trustee Benline has a First Amendment right to speak to the village manager via email. "[W]here a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights." *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 687 (4th Cir. 2000); *accord Hutchins v. Clarke*, 661 F.3d 947, 956 (7th Cir. 2011). Thus, Trustee Benline's communications with the village manager requesting documentation did not threaten, coerce, or intimidate Plaintiff. To be sure, such communications were not even made to Plaintiff. As a result, this conduct was not sufficiently adverse such that it would chill protected speech. Furthermore, to the extent that

7

Trustee Benline's conduct involves voting on a motion to take action regarding village expenditures, such conduct is protected by legislative immunity. *See McCann v. Brady*, 909 F.3d 193 (7th Cir. 2018). Plaintiff has thus failed to state a plausible First Amendment retaliation claim against Trustee Benline.

### B.  Trustee Vann

Plaintiff alleges that Trustee Vann (i) contacted the village manager raising concerns about Plaintiff's post, (ii) misidentified Plaintiff as an outside contractor rather than a full-time Village employee, (iii) characterized Plaintiff as a non-resident as a basis for subjecting his speech to a lesser standard of protection, (iv) formally requested that village administration identify specific policies governing employee conduct and social media commentary, (v) asked that the matter be reviewed through those channels "independent of" the First Amendment analysis already completed by legal counsel, (vi) requested a performance review of the village manager, and (vii) sent an official complaint to the village manager about a social media post Plaintiff made during his lunch break at a medical appointment in observance of Mental Health Awareness Month, and characterized the post as "inciting conflict" and accused Plaintiff of posting on "taxpayer time." (Doc. 9, ¶¶ 11, 14, 19, 22)

All of Trustee Vann's alleged conduct constitutes protected speech under the First Amendment. And none of the alleged conduct constitutes a threat, coercion, or intimidation to Plaintiff. To be sure, her speech was directed to the village manager, not to Plaintiff. Such conduct was not sufficiently adverse such that it would chill protected speech. Plaintiff has failed to plausibly allege retaliation by Trustee Vann in violation of the First Amendment.

### C.  Trustee Marzano

Plaintiff makes three allegations relating to the conduct of Trustee Marzano. First, Plaintiff alleges that Trustee Marzano sent an official email to the village manager demanding Plaintiff's

8

immediate dismissal. Second, he told the village manager he would publicly target Plaintiff to residents if the village did not act on his termination demand. Third, he submitted Freedom of Information Act requests for records relating to Plaintiff.

Trustee Marzano's communications with the village manager constitute protected speech under the First Amendment. Plaintiff does not allege that such speech was directed to Plaintiff. Such speech does not constitute a threat, coercion, or intimidation directed toward Plaintiff. And insofar as Plaintiff alleges that Trustee Marzano threatened to publicly target Plaintiff to the village's residents, such allegation is conclusory and lacks the factual specificity required to state a claim for relief. Finally, a request for information submitted pursuant to FOIA does not constitute an adverse action likely to deter speech; this conduct goes hand in hand with the "public policy of the State of Illinois that access by all persons to public records promotes the transparency and accountability of public bodies at all levels of government." 5 ILCS 140/1.

### III. Plaintiff has Failed to Plausibly Allege a *Monell* Claim Against the Village.

Plaintiff alleges that the Village is liable under *Monell* for three reasons. First, the unconstitutional conduct was carried out by officials acting with delegated authority. Second, that the Village ratified the unconstitutional conduct. Third, the Village failed to intervene or take meaningful corrective action, thereby exhibiting deliberate indifference to his constitutional rights. Each theory fails. (Doc. 9, ¶¶ 45-50)

The Court in *Monell* held that a municipality may be held liable under Section 1983 only when the violation of the plaintiff's federally protected right can be attributed to the enforcement of a municipal policy, practice, or a decision of a final municipal policy maker, not on the basis of *respondeat superior*. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-95 (1978). Where there is no underlying constitutional violation by an individual acting under the color of state law, there can be no *Monell* liability. City of Los Angeles v. Heller, 475 U.S. 796,

799 (1986); *Sallenger v. City of Springfield*, 630 F.3d 499, 504-05 (7th Cir. 2010).

Here, because Plaintiff has failed to plausibly allege an underlying First Amendment retaliation claim against the Individual Defendants, his *Monell* claims against the Village fail. Furthermore, Plaintiff has not alleged any facts showing that the alleged misconduct was attributable to a policy or practice of the Village.

In addition, as discussed above, the Individual Defendants are elected trustees. They are not final policy makers with respect to the conduct alleged – conduct that consists entirely of sending emails and submitting FOIA requests. And there are no facts alleged plausibly suggesting that the Village ratified the alleged misconduct of the Individual Defendants.

## IV. Plaintiffs' Claims Against the Individual Defendants Are Duplicative.

Plaintiff has sued the Individual Defendants in their individual and official capacities. It is well established that a suit against government officers in their official capacities is equivalent to a suit against the municipality itself. *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987). Plaintiffs have sought relief against the Village as well as the Individual Defendants in their official capacity. The claims against Individual Defendants are redundant. Therefore, the claims against them should be dismissed.

## V. Count III Fails Against the Individual Trustees Because They are Not His Employer.

The Illinois Whistleblower Act, 740 ILCS 174/1, *et seq.,* provides, among other things, that an employer may not retaliate against an employee for disclosing information to "a government or law enforcement agency" when that employee has reasonable cause to believe the information reveals a violation of a state or federal law, rule, or regulation. 740 ILCS 174/15(b). To succeed, "a plaintiff must show (1) an adverse employment action by her employer, (2) was in retaliation for (3) her disclosure to a government or law enforcement agency (4) of a suspected violation of

an Illinois or federal law, rule, or regulation." *Corona v. City of Chicago*, No. 21-cv-6777, 2025 WL 896937, at *12 (N.D. Ill. 2025). Plaintiff is an employee of the Village (Doc. 9 ¶ 4) The Individual Defendants are not Plaintiff's employer. Accordingly, Count III against Individual Defendants should be dismissed with prejudice.

## VI.        Count III Fails to Plausibly Allege a Violation of the Illinois Whistleblower Act.

Nearly all of the alleged adverse employment actions Plaintiff complains of took place prior to the filing of his whistleblower complaint. Plaintiff alleges that he filed his whistleblower complaint on April 29, 2026. (Doc. 9, ¶ 46) According to Plaintiff's Complaint, the conduct alleged in Paragraphs 1 through 20 occurred before the date he filed his whistleblower complaint, so such conduct cannot possibly relate to that complaint. And as it relates to the alleged denial of compensatory time, Plaintiff admits that such denial was "due to [Trustee] Marzano's complaints targeting supervisory staff regarding compensatory time usage," not a result of Plaintiff's whistleblower complaint. (Doc 9, ¶ 47) The only remaining conduct is a vote to have the technology subscription removed from the item of bills and submitted to an RFP, which does not constitute an adverse employment action against Plaintiff. Accordingly. Count III should be dismissed.

## CONCLUSION

For the reasons set forth above, the Westchester Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's Complaint with prejudice, and for any such other relief as the Court deems just and proper.

Respectfully submitted,

The Westchester Defendants

By:/s/ Thomas J. Condon, Jr.
       One of their attorneys

Thomas J. Condon Jr. (6276438)
Matthew W. Moustis (6345921)
Montana & Welch, LLC
11950 S. Harlem Avenue – Suite 102
Palos Heights, Illinois 60463
708-448-7005
tcondon@montanawelch.com
mmoustis@montanawelch.com